UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Jeanelle FAITH                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:18-CV-323-CRS

Mohamed S. WARSAME and
SHIIDAAD TRUCKING CORPORATION                                        DEFENDANTS

**MEMORANDUM OPINION**

I.     **Introduction**

This case is before the Court on Defendants Mohamed S. Warsame[1] and Shiidaad Trucking Corporation's motion for partial summary judgment. DN 15. Plaintiff Jeanelle Faith responded. DN 16. Defendants replied. DN 16. Therefore, this matter is ripe for review. Finding that Faith has failed to come forward with evidence sufficient to prevail on her claim for punitive damages, the Court will grant partial summary judgment to Defendants on that issue.

II.    **Legal Standard**

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* In undertaking this analysis, the

---

[1] In the complaint, Warsame is identified as "Mohamed S. Warsome." DN 1-1 at 1. Since then, Faith has utilized the correct spelling in the case caption while Defendants have taken to including a "[sic]." As part of this order, the Court will direct the Clerk of Court to modify the case caption to properly identify Warsame.

1

Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." FED. R. CIV. P. 56(c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

When considering a motion for summary judgment, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability." *Anderson*, 477 U.S. at 254. As a result, when the underlying claim requires "clear and convincing evidence," summary judgment is proper if a plaintiff fails to present evidence sufficient for a "rational finder of fact" to find such "clear and convincing" evidence. *Id. See also Compuware Corp. v. Moody's Investors Servs., Inc.*, 499 F.3d 520, 525 (6th Cir. 2007).

**III.    Factual Background**

The basic outline of the case is undisputed. On May 10, 2017, at approximately 10:19 AM, Warsame was driving a tractor trailer northbound off of Interstate 264 and onto 32nd Street in Louisville, Kentucky. DN 1-1 at 2; DN 14-2 at 1. In doing so, he was acting as an employee of Shiidaad Trucking. DN 1-1 at 2; DN 14-2 at 2. As he reached the intersection with River Park Drive, Warsame drove through the intersection, ignoring a clearly posted stop sign. DN 1-1 at 2–3; DN 14-1 at 2. In doing so, Warsame did not yield the right-of-way to Faith, as required by law, and was negligent in doing so. DN 1-1 at 3; DN 14-1 at 2. *See* KY. REV. STAT. § 189.330(4);

2

KY. REV. STAT. § 189.290. According to Faith's tendered expert, Warsame was traveling between 25.6 and 27 miles per hour. DN 11-1 at 47. After impact, he pushed Faith's vehicle approximately 70.43 feet northward, coming to rest on the shoulder or 32nd Street. *Id*. at 46.

**IV.     Discussion**

Defendants seek summary judgment on only Faith's punitive damages claim.[2] In Kentucky, punitive damages are available where a plaintiff proves, by "clear and convincing evidence," that the defendant acted with gross negligence, i.e., "negligence [which] was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013). *See also* KY. REV. STAT. § 411.184. The Supreme Court of Kentucky has had the opportunity to opine on the importance of limiting the availability of punitive damages in automobile accident cases:

> Nearly all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages. We are of the opinion that punitive damages should be reserved for truly gross negligence as seen in cases such as *Shortridge v. Rice*, 929 S.W.2d 194 (Ky. Ct. App. 1996), *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003), and *Phelps v. Louisville Water Company*, 103 S.W.3d 46 (Ky. 2003). In *Shortridge* and *Stewart*, the defendant tortfeasors were driving while intoxicated; and, in *Phelps*, the jury was presented with eighteen instances where Louisville Water Co. misrepresented the dangerous nature of a highway condition, violated its own safety policies, and disregarded the Manual on Uniform Traffic Control Devices, all of which evidenced a conscious disregard for public safety.

*Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. Ct. App. 2004). Outside of *Shortridge*, *Stewart*, and *Phelps*, Kentucky has been reticent to go further in expanding the availability of punitive damages related to automobile accidents. *See Gersh v. Bowman*, 239 S.W.3d 567, 572 (Ky. Ct. App. 2007) (a jury could find gross negligence when the driver was traveling at least thirty-four

---

[2] They also argue that the portion of the complaint seeking punitive damages fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Since the motion was primarily pled as a summary judgment motion and the Court resolves it on that ground, the Court does not address that argument.

3

miles per hour over the speed limit going into a curve, with two passengers in the vehicle, when it was dark outside, and when a passenger warned the driver of the upcoming curve in the road and the driver said "yeah, I got it").

In opposing the motion for summary judgment, Faith argues that punitive damages are available because Warsame admitted he was reckless, Shiidaad intentionally lost or sold the tractor trailer involved in the collision, and Warsame willfully disregarded laws, regulations, and directives designed for public safety. The Court addresses each in turn.

### A.     Admissions of Recklessness

While Warsame was being deposed, the following exchange took place:

> Q: And if the intersection you're approaching has a stop sign, you must stop?
> A: Yes, sir.
> Q: It's important to stop at a stop sign, right?
> A: Very important.
> Q: Why is it important?
> A: It's important because you can kill someone, and you can be hurt—I mean, damage with other vehicle on your body while you're driving. If the driver drives safety, it would be important.
> Q: Yeah. And do you rely on other truck drivers and other people to follow the same rules?
> A: Same rules?
> Q: To stop at a stop sign?
> A: Yes.
> Q: Pretty common sense stuff, right?
> A: Yes.
> Q: And if they don't, is that unsafe?
> A: If they don't, it is unsafe.
> Q: Is it dangerous?
> A: Very dangerous.
> Q: Is it reckless?
> A: Reck—yes, sir.

DN 16 at 3 (reproducing deposition transcript). The Court finds multiple issues in relying on such information in finding clear and convincing evidence of gross negligence.

Most importantly, the use of a legal term which is also used in a statute does not amount to definitive proof that a required element is met. That is the reasoning underlying the Federal

4

Rules of Evidence's exclusion of opinion testimony stating a legal opinion. *See Torres v. County of Oakland,* 758 F.2d 147, 151 (6th Cir. 1985) (exclusion proper when opinion "tracks almost verbatim the language of the applicable statute" or utilizes a term that "has a specialized meaning in the law and in lay use the term has a distinctly less precise meaning") (citations omitted). Simply having Warsame state that his conduct was "reckless" does not equate to a demonstration that he was negligent and that such negligence "was accompanied by wanton or reckless disregard for the lives, safety, or property of others." As a result, this ground does not demonstrate the existence of a genuine issue of material fact which would preclude the grant of summary judgment.

      **B.     Shiidaad's Alleged Spoliation**

Faith alleges that Shiidaad intentionally lost or sold the tractor trailer involved in the collision to hide or conceal evidence contained in the truck. Such actions, she contends, are sufficient to permit punitive damages. This argument fails for two reasons. First, there must be a link or relationship between the grossly negligent or intentional conduct and the injury. In this case, that means the culpability must connect with the automobile accident, rather than the handling of evidence afterward. Second, issues of alleged spoliation are dealt with through evidentiary rulings and sanctions, rather than punitive damages. *See* FED. R. CIV. P. 37(c) (sanctions for failure to disclose include reasonable expenses but not punitive damages); *Monsanto Co. v. Reed*, 950 S.W.2d 811, 815 (Ky. 1997) (Kentucky does not recognize an independent tort based on spoliation of evidence, instead choosing "to remedy the matter through evidentiary rules and 'missing evidence' instructions").

5

## C. Warsame's Disregard of Public Safety Directives

While driving an automobile, merely violating the law is insufficient to demonstrate gross negligence. A rule otherwise "would effectively eliminate the distinction between ordinary and gross negligence in the context of automobile accidents." *Kinney*, 131 S.W.3d at 359. Kentucky courts have repeatedly reaffirmed that rule in various factual scenarios. *See Id.* ("traveling at a possible speed of ten miles per hour in excess of the posted speed limit and failing to complete a pass before entering a no-passing zone constitute nothing more than ordinary negligence"); *Horn v. Hancock*, 700 S.W.2d 419, 421 (Ky. Ct. App. 1985) (punitive damages not available for failure to comply with the statutory requirement of having a lead vehicle for a truck carrying an oversized load); *Keller v. Morehead, Ky.*, 247 S.W.2d 218, 220 (Ky. Ct. App. 1952) (punitive damages not available for failure to follow statute regarding trailer width); *Shields v. Goins*, 426 S.W.2d 139, 140 (Ky. Ct. App. 1967) (no "wanton negligence" when speeding car failed to yield right-of-way).

Federal courts sitting in diversity agree. *See M.T. v. Saum*, 3 F. Supp. 3d 617, 624 (W.D. Ky. 2014) (no gross negligence where driver failed to heed passengers' advice to take a less narrow and curvy road and to keep an eye out for Amish buggies while driving with only his right hand, braking too late, and braking in the curve); *Southard v. Belanger*, 966 F. Supp. 2d 727, 740 (W.D. Ky. 2013) ("Belanger's alleged misconduct of driving while using a hands-free cell phone in violation of company policy, but within the speed limit, apparently in the proper lane, without any suggestion of intoxication, and without a prior history of automobile accidents, does not match the level of culpability in the cases where punitive damages were available"); *Zachery v. Shaw*, No. 3:12-CV-606-S, 2013 WL 1636385, at *3 (W.D. Ky. April 16, 2013) (allegations that defendant crossed into the other lane, impacted the plaintiff, and pushed the car

100 feet before stopping insufficient to state a claim for punitive damages); *Embry v. GEO Transp. of Ind., Inc.*, 478 F. Supp. 2d 914, 922–23 (E.D. Ky. 2007) (no punitive damages based on "incapacitation caused by his choking on coffee"); *Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384, 386 (E.D. Ky. 2006) (no punitive damages where driver fell asleep while diving a tractor trailer).

In this case, at worst, Warsame violated Kentucky laws by failing to stop at a stop sign and ensure that no oncoming traffic was approaching him before proceeding. *See* KY. REV. STAT. § 189.330(4); KY. REV. STAT. § 189.290. Such conduct simply does not rise to the standard of gross negligence.

## V. Conclusion

The availability of punitive damages in the context of automobile accidents is extremely limited. The mere violation of some traffic law alone is insufficient to demonstrate gross negligence sufficient to support an award of punitive damages. Faith has produced nothing other evidence to support an award of punitive damages. As a result, the Court will grant the Defendants' motion for partial summary judgment.

A separate order will be entered in accordance with this opinion.

March 25, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**