FILED
VANESSA L. ARMSTRONG, CLERK
OCT 23 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEANELLE FAITH                                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:18CV-323-CRS

MOHAMED S. WARSAME and
SHIDAAD TRUCKING CORPORATION                            DEFENDANTS

## JURY INSTRUCTIONS

Ladies and Gentlemen:

    Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

    It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

    You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

    You are not to be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

    It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

    You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of

the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual. All persons, including corporations, stand equal before the law.

A corporation acts through its employees.

You should not consider the financial resources of either party in making your decision.

It was the duty of Mohamed S. Warsame, in operating the tractor-trailer on the occasion about which you have heard evidence, to exercise ordinary care for the safety of others, and this general duty included the following specific duties:

1. To keep a lookout ahead for other vehicles in front of him or so near his intended line of travel as to be in danger of collision;

2. To keep and operate his vehicle under reasonable control at all times;

3. To yield the right-of-way at the stop sign and refrain from entering the intersection if in the exercise of ordinary care he should have observed that a vehicle was approaching so closely as to constitute an immediate hazard; and

4. To exercise ordinary care upon entering the intersection to observe the presence and avoid collision with any other conflicting traffic which may already have entered the intersection but had not yet cleared through it.

"Ordinary care" means such care as a reasonably prudent person would exercise under the same or similar circumstances.

The defendants have admitted that Mohamed S. Warsame failed to comply with one or more of his duties and that such failure was a substantial factor in causing the collision about which you have heard evidence. It is also admitted that Mohamad S. Warsame was operating the tractor-trailer on behalf and for the benefit of Shidaad Trucking Corporation within the course and scope of his employment with Shidaad Trucking. It is therefore established, and you must accept as true, that the defendants are liable, in whole or in part, for causing the subject collision.

It was also the duty of Jeanelle Faith, in operating her vehicle on the occasion about which you have heard evidence, to exercise ordinary care for her own safety, and this general duty included the following specific duties:

1. To keep a lookout ahead for other vehicles in front of her or so near her intended line of travel as to be in danger of collision;

2. To keep and operate her vehicle under reasonable control at all times;

3. To drive at a speed no greater than was reasonable and prudent, having regard for the traffic and the condition and use of the roadway; and

4. To exercise ordinary care upon entering the intersection to observe the presence and avoid collision with any other conflicting traffic which may already have entered the intersection but had not yet cleared through it.

"Ordinary care" means such care as an ordinarily prudent person would exercise under similar circumstances.

If you believe from the evidence that it is more likely true than not true that Jeanelle Faith failed to comply with one or more of her duties and that such failure was a substantial factor in causing the collision, you will so indicate on Verdict Form A by answering "yes." Otherwise you will answer "no."

If you answered "no" on Verdict Form A, you will skip the next instruction on apportionment and proceed directly to the instruction on damages on page 7.

If you answered "yes" on Verdict Form A, you will proceed to the next instruction.

## Apportionment

Having answered "yes" on Verdict for A, you will now determine from the evidence the percentages of total fault attributable to Mohamad S. Warsame and Jeanelle Faith in causing the collision. In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. You will indicate these percentages of fault on Verdict Form B. The total fault of Mohamad S. Warsame and Jeanelle Faith must equal 100%.

When you have completed Verdict Form B you will continue to the instruction on damages.

## Damages

You will now determine what sum or sums of money you believe from the evidence will fairly and reasonably compensate Jeanelle Faith for such damages as she sustained directly by reason of the collision, including:

1. Mental and physical pain and suffering she has endured, if any;

2. Mental and physical pain and suffering she is likely to endure in the future, if any.

In determining the amount of damages you will award, if any, you must disregard the fault of any party. You will indicate these amounts on Verdict Form C.

After you have completed Verdict Form C, you will have your foreperson sign and date the verdict forms and return with your verdicts to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, iPad, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms

which set forth the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

## VERDICT FORM A

| Case Title | District |
|---|---|
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | Western District of Kentucky |

| | Docket No. |
|---|---|
| JEANELLE FAITH<br><br>v.<br><br>MOHAMED S. WARSAME and SHIDAAD TRUCKING CORPORATION | CIVIL ACTION NO. 3:18CV-323-CRS |

With respect to the motor vehicle collision about which you have heard evidence, do you find from the evidence that it is more likely true than not true that the plaintiff, Jeanelle Faith, failed to comply with one or more of the duties of care owed by her and that such failure was a substantial factor in causing the collision?

_____ Yes          _____ No

| Foreperson's Signature | Date |
|---|---|
| | |

**VERDICT FORM B**

| Case Title | District |
|---|---|
| **United States District Court** | Western District of Kentucky |

| | Docket No. |
|---|---|
| JEANELLE FAITH | |
| v. | CIVIL ACTION NO. 3:18CV-323-CRS |
| MOHAMED S. WARSAME and SHIDAAD TRUCKING CORPORATION | |

Having answered "yes" on Verdict Form A, we, the jury, apportion fault attributable to Mohamed S. Warsame and Jeanelle Faith in causing the collision as follows:

        Defendant, Mohamed S. Warsame     _____ %

        Plaintiff, Jeanelle Faith     _____ %

        **TOTAL**     \_\_100%\_\_

| Foreperson's Signature | Date |
|---|---|

## VERDICT FORM C

| Case Title | District |
|---|---|
| 𝕮𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | Western District of Kentucky |

| | Docket No. |
|---|---|
| JEANELLE FAITH | |
| v. | CIVIL ACTION NO. 3:18CV-323-CRS |
| MOHAMED S. WARSAME and SHIDAAD TRUCKING CORPORATION | |

We, the jury, find damages as follows:

    Mental and physical pain and suffering
    she has endured                              _____

    Mental and physical pain and suffering she is
    likely to endure in the future            _____

    **TOTAL**                                                    _____

| Foreperson's Signature | Date |
|---|---|