UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| JEANELLE FAITH | PLAINTIFFS |
| vs. | CIVIL ACTION NO. 3:18-CV-323-CRS |
| MOHAMED S. WARSAME<br>and<br>SHIIDAAD TRUCKING CORPORATION | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' motion to review Plaintiff's bill of costs. DN 62. Plaintiff filed a response, DN 63, and this matter is now ripe for adjudication. For the following reasons, Defendants' motion for review will be granted, and the Court will sustain Defendants' objections in part and award reduced costs against Plaintiff.

### I. Background

On October 23, 2019, a jury reached a verdict in favor of the Plaintiff in her personal injury lawsuit against Defendants. DN 53. Plaintiff timely submitted her bill of costs, claiming expenses totaling $5,223.74. DN 58. This Court entered judgment on December 4, 2019. DN 61. Defendants now object to $3,630.52 of Plaintiff's claimed costs. DN 62-1 at 1.

### II. Standard

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC.*, 2010 U.S. Dist. LEXIS 78946, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other

grounds, (6th Cir. 2005)). In *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**III. Discussion**

Defendants argue that $3,630.52 of Plaintiff's costs are not taxable under in 28 U.S.C. § 1920. The court will address each of the disputed costs.

**A. Printed and Electronically Recorded Transcripts**

Plaintiff seeks reimbursement for printed and electronically recorded transcripts of her witnesses' depositions. DN 58 at 1. Defendants argue 28 U.S.C. § 1920(4) expressly allows the recovery of the cost of the originals of "printed **or** electronically recorded transcripts," but not both. DN 62-1 at 3 (Emphasis in Defendants' motion). According to Defendants, "[n]o provision allows the recovery of the cost of both formats or of copies of transcripts." *Id*.

Defendants read § 1920 too narrowly. Under § 1920(2), "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. Despite the

2

drafter's use of the word "or," this provision empowers the trial court to tax the costs of both the printed transcript and video of the same deposition. *See BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other grounds, (6th Cir. 2005)(holding that it is proper to tax both the cost of videotaping and transcribing a deposition). Other than the use of the word "or" in text of the statute, Defendants offer no reason why the printed and electronically recorded transcripts are not taxable in this case. Defendants have failed to carry their burden of persuading the Court that taxation was improper. Accordingly, both the printed and electronically recorded transcripts are taxable.

### B. Additional Fees

Defendants claim "Plaintiff erroneously included in her bill of costs…expedited delivery fees, an 'archival' fee, and a 'format conversion charge.'" DN 62-1 at 3. Defendants argue that "[t]he prevailing rule is that successful litigants 'could not recover delivery charges as costs, as such charges were not among taxable costs itemized in 28 USCS § 1920.'" *Id*. (quoting *Portman v. Andrews*, 249 F.R.D. 279 (N.D. Ill. 2007)). In her response, Plaintiff provides no reason why these fees were necessary. Defendants have satisfied their burden of demonstrating that taxation for these items was improper. Accordingly, the "media archival" fee ($20.00), the "video format conversion" fee ($52.50), and the "expedited processing/delivery" fee ($100.00) are not taxable.

### C. Attendance Fee and Travel Expenses for Joey Stidham

Defendants argue that the $292.20 Plaintiff seeks for the attendance and travel for expert Joey Stidham is not taxable because he traveled further than the 100-mile subpoena power of the Court. DN 62-1 at 4. Defendants provide no case law to support their theory that no travel expenses (including the travel within 100 miles of the courthouse) are taxable for witnesses who travel beyond the 100-mile subpoena power of the court. Plaintiff responds that "[p]ursuant to 28 U.S.C.

§ 1920(3) the mileage and one day witness fee is all that was requested and is proper under the rules and should be taxed." DN 63 at 4.

Witness fees are included in the definition of costs under 28 U.S.C. § 1920(3). Three types of witness fees may be taxable: attendance fees, travel expenses, and subsistence allowances for witnesses who must stay overnight. 28 U.S.C. § 1821. Section 1821 does not explicitly limit the distance for which travel expenses will be reimbursed. Some federal courts have limited the taxable mileage to 200 miles, reasoning that parties should be reimbursed for no more than the cost for a witness traveling to and from the courthouse within a 100-mile radius of the court. *See*, *e.g.*, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 231 (1964). However, in *Farmer* the Supreme Court held that courts are not bound by this 100-mile rule, and that courts have discretion in determining whether costs beyond this radius are "necessary" within the meaning of Section 1920. *See id*. at 232; *see also Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201, 203 (3d Cir. 1981) ("[M]ost courts now recognize that restrictions on their subpoena power are no barrier to taxing as costs the travel expenses of a prevailing party's witness who appears from beyond the court's reach."). Indeed, the Sixth Circuit remanded a district court's decision to reduce a party's bill of costs because the court failed to "specify the reasons why it exercised its discretion to *deny* travel expenses outside of the 100 mile radius." *Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 426 (6th Cir. 2001)(emphasis added).

"In determining whether or not to allow travel expenses beyond the 100-mile limit, several courts have looked to the relevance and necessity of the witness's testimony." *Freeman v. Minn. Mining & Mfg. Co.*, Civil Action No. 84-577 - CMW, 1989 U.S. Dist. LEXIS 14915, at *9 (D. Del. Dec. 12, 1989)(collecting cases); *see also* 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2678, at 374 (1983)(stating that judges must weigh whether the

testimony of the witness was relevant and material to an issue in the case, and reasonably necessary to its disposition when determining whether the witness' travel fees were taxable). This court will allow as costs the travel expenses requested by Plaintiff because the testimony of the defendant's expert witnesses was relevant and necessary to the disposition of this case. At trial, Stidham testified about key elements related to witness credibility, causation, and accident reconstruction. Therefore, the $292.20 Plaintiff seeks for the attendance and travel for expert Joey Stidham is taxable.

### D. Attendance Fees for Dr. Chad Walters and Dr. Richard Beck

Defendants argue that the $80.00 Plaintiff seeks for the "attendance" of Dr. Chad Walters and Dr. Richard Beck is not taxable because neither Walters nor Beck attended the trial. Plaintiff responds that "[t]hese witnesses appeared at trial via video deposition." DN 63 at 3. Section 1821(b) states "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Although video depositions of these witnesses were played for the jury, neither Walters nor Beck "attended" the trial within the meaning of Section 1821. Therefore, the $80.00 Plaintiff seeks for the attendance of these witnesses is not taxable.

### E. Printing Fees

Defendants object to a $1,363.62[1] charge for printing fees. Defendants argue that Plaintiff's documentation was inadequate because "[r]ather than produce an itemized receipt or invoice, she produced only a cellphone screenshot of an apparent credit card payment for $1,310.70." DN 62-1 at 5. Plaintiff responds that the $1,310.70 "was an actual charge that was paid and is recoverable

---

[1] It appears that Defendants may have made a calculation error when determining the disputed printing fees. Defendants allege Plaintiffs seek $1,362.90 for printing fees. However, the Plaintiff's bill of costs indicate that Plaintiff seeks $52.92 (for "fees and disbursements for printing") and $1,310.70 (for "exemplifications and the costs of making copies of any materials where the copies are necessarily obtained for use in the case") making a total of $1,363.62. The difference between these two numbers is de minimis, and the Court will make its decision based on the amount claimed on the bill of costs itself. DN 58.

5

under 28 U.S.C. § 1920(4) as they were for exemplification at trial." DN 63 at 4. To support its claim for the $1,310.70 charge, Plaintiff includes what appears to be a screenshot from Counselor Kyle R. Salyer's Citibank AAdvantage credit card account. DN 58 at 16. The screenshot documents a $1,310.70 charge at a Louisville FedEx location on October 22, 2019. *Id*. Plaintiff states the $1,310.70 was an "expense that was paid to FedEx for the blow up exhibits used at trial." DN 63 at 4. Plaintiff's counsel used several demonstratives during the trial that were printed on large foam boards. FedEx advertises on its website that its stores print "mounted posters" on foam board backing for $129.99 per 36"x48" poster, and it is likely that the amount claimed by Plaintiff "was an actual charge paid…for exemplification at trial." DN 63 at 4. But just because Plaintiff chose to use foam boards at trial does not mean those copies were "necessarily obtained" within the meaning of 28 U.S.C. § 1920(4), particularly when the courtroom was equipped with multimedia screens in the jury box, counsel tables, and the bench. *See Smith v. Joy Techs., Inc.*, No. 11-270-ART, 2015 U.S. Dist. LEXIS 12275, at *16 (E.D. Ky. Feb. 2, 2015)("The enlarged demonstrative aides, while perhaps convenient for the defendant, were not reasonably necessary in light of the available technology in the courtroom."). Accordingly, the $1,310.70 Plaintiff allegedly paid to print its demonstrative aids is not taxable.

Plaintiff also seeks reimbursement for $52.92 in "fees and disbursements for printing." DN 58 at 1. Defendant argues these printing costs were not taxable because the "exemplification and/or copies" were of "unidentified items," counsel has not produced "an itemized receipt or invoice," and "Plaintiff certainly did not offer enough trial exhibits during the three-day trial to justify" the copying fees. DN 62-1 at 5. Plaintiff does not respond with an explanation regarding the necessity of its "fees and disbursements for printing." Although "§ 1920 does not demand page-by-page precision," parties requesting reimbursement for copying costs must provide enough information

6

for the Court to reasonably determine whether the copies were necessarily obtained for use in the case. *See LFP IP, LLC v. Hustler Cincinnati, Inc*., No. 1:09-cv-9I3, 2016 U.S. Dist. LEXIS 165322, 2016 WL 7015764 at *15 (S.D. Ohio Nov. 30, 2016)(internal quotation marks and citations omitted). Here, Plaintiff fails to provide *any* explanation or documentation that would allow the court to evaluate their necessity. Accordingly, the $52.92 Plaintiff requests for "fees and disbursements for printing" is not taxable.

**F. Summary of nontaxable costs**

Defendants' objections will be sustained in part in accordance with the following:

| Nontaxable Costs | | |
|---|---|---|
| **Cost** | **Amount** | **Citation** |
| Media Archival Fee | $20 | DN 58 at 12 |
| Video Format Conversion Fee | $52.50 | DN 58 at 12 |
| Expedited Processing/Delivery – Video Media | $100.00 | DN 58 at 12 |
| Attendance Fee – Dr. Chad Walters | $40 | DN 58 at 2 |
| Attendance Fee – Dr. Richard Beck | $40 | DN 58 at 2 |
| FedEx Payment for Demonstrative Enlargements | $1,310.70 | DN 58 at 16 |
| Fees and Disbursements for Printing | $52.92 | DN 58 at 1 |
| **Total Requested Costs** | **$5,223.74** | |
| **Total Nontaxable Costs** | **$1,616.12** | |
| **Total Taxable Costs** | **$3,607.62** | |

**IV. Conclusion**

Motions having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion to review Plaintiff's bill of costs, DN 62, is **GRANTED**, and the Court **SUSTAINS Defendants' objections in part and awards reduced costs against Plaintiff**.

February 26, 2020

Charles R. Simpson III, Senior Judge
United States District Court

7